Per Curiam.

One of the railroad’s complaints with regard to the order of the commission is that it does not set forth any basic findings of fact relative to the factors which Section 4907.47, Revised Code, required the commission to consider in apportioning the cost of installing the safety devices at this crossing.
For some time past, the commission has been making orders requiring the protection of railroad crossings in instances where it was apparent that such protection was being provided largely to protect members of the public against the consequences of their own carelessness rather than to provide any tangible or intangible benefit to the railroad which was required to pay the cost of such crossing protection. With the increase of automobile traffic and the consequent increase of the potentiality of danger at all railroad crossings, there has been a tendency for the commission to require protection of more and more crossings. Furthermore, this court has shown great hesitation about disturbing any order of the commission providing for such crossing protection. See, for example, Pennsylvania Rd. Co. v. Public Utilities Commission (1961), 171 Ohio St., 413, 171 N. E. (2d), 515.
Because of these facts, the General Assembly was undoubtedly influenced to amend Section 4907.47, Revised Code, so as to require the commission to “apportion the cost of installing” such crossing protection “between the railroad and the public.”
That statute now provides in part :
“In apportioning the cost of any such device the commission shall consider factors of volume of vehicular traffic, volume of train traffic, train type and speed, limitations of view and the causes thereof, savings, if any, which will inure to the railroad as the result of such installation, benefits to the public resulting from the reduction of hazard at the crossing, the probable cost of the installation, the future cost to the railroad of maintain *83 ing any such device and such other special factors and conditions as in the opinion of the commission are relevant.”
Section 4903.09, Revised Code, reads in part:
“In all contested cases * * * the commission shall file * * * findings of fact and written opinions setting forth the reasons prompting the decisions arrived at, based upon said findings of fact.”
In the instant case, the commission made no findings of fact with respect to the factors considered by it in making the allocation required by Section 4907.47, Revised Code, and gave no reasons whatever in any opinion for the allocation which it made. It is therefore impossible for this court to determine whether the allocation made by the commission is either reasonable or lawful. See Commercial Motor Freight, Inc., v. Public Utilities Commission, 156 Ohio St., 360, 102 N. E. (2d), 842. In view of an allocation made by the commission in a subsequent case that was called to our attention and in view of the evidence in this case, it is difficult for this court to understand why 75% of the cost of installation should have been allocated to the railroad, especially in view of the substantial future cost to the railroad of maintaining this crossing protection.
The order of the commission is therefore reversed, and the cause is remanded to the commission for further proceedings.

Order reversed.

Taft, C. J., Zimmerman, Kovachy, O’Neill, Griffith and Herbert, JJ., concur.
Kovachy, J., of the Eighth Appellate District, sitting by designation in the place and stead of Matthias, J.